## DAVID W. BARNES & another *vs.* THE MAYOR, ALDERMEN AND CITY COUNCIL OF SPRINGFIELD.

A city council, in acting under a city charter which gives to them exclusive authority to lay out, alter or discontinue any street or way, the *termini* of which are entirely within the city, and makes no provision as to the manner in which the authority thus conferred shall be exercised, must conform to and be governed by the regulations prescribed in the General Statutes in relation to the same subject; and has no jurisdiction of an application to locate anew a road, or to ascertain the correct location thereof, and erect the necessary bounds, unless the same is signed in the manner required by Gen. Sts. *c.* 43, § 12, or § 87.

PETITION for a writ of *certiorari,* to quash the proceedings of the mayor and aldermen and common council being the city

council, of Springfield, in locating anew a road called Chestnut Street, in Springfield. The facts are stated in the opinion.

*J. Wells & A. L. Soule,* for the petitioners.

*N. A. Leonard,* for the respondents.

MERRICK, J. It appears from the record of the doings of the city council in laying out and establishing the way called Chestnut Street, produced by the respondents and made part of their answer, that their proceedings in the location and establishment of said way were based wholly on the petition of three persons only, viz : Harris, Hunt and Harrington, who describe themselves as a board of supervisors.

By the provisions of the city charter of the city of Springfield, the city council have exclusive authority to lay out, alter or discontinue any street or way, the *termini* of which are entirely within the city, and concurrent power with the county commissioners to lay out any other highway in the city, and to estimate the damage any persons may sustain thereby. *St.* 1852, *c.* 94, § 14. But the charter makes no provision as to the manner in which the authority there conferred shall be exercised, or what shall be the course of proceeding in altering or making changes in existing, or in laying out and establishing new highways. To give legal validity and effect to their acts under this power, the city council must, therefore, in all respects conform to and be governed by the regulations prescribed in the General Statutes in relation to the laying out and discontinuance of highways, town and private ways. By Gen. Sts. *c.* 43, § 12, the county commissioners may locate anew an existing highway, either for the purpose of establishing its boundaries, or of making alterations in its course or width, upon the application of the town within which it is situate, or of five of its inhabitants. And by § 87, where ten or more freeholders represent to the mayor and aldermen of a city that the exact location of a street or way over which they have jurisdiction cannot readily be ascertained, and it appears that the representation is correct, they shall proceed to ascertain the correct location, erect the necessary bounds, and file a certificate thereof for record. It is only under the provisions of these sections of the statute that

the county commissioners have any authority to lay out anew or to alter or change, or to ascertain and establish the boundaries of an existing highway or town way. The city council of the city of Springfield had no other or different power than that under which the commissioners could act, and therefore had no jurisdiction of any application or petition not substantially in conformity to the requirements of the statute.

The record produced by the respondents, therefore, shows that the city council, in proceeding to lay out the way called Chestnut Street, acted wholly without authority; because it appears from it that the application or petition presented to them in respect to that street, and upon which they assumed to act, was *signed by three persons only.* This was not an application which authorized the city council to proceed at all, or upon which any valid proceedings could be based. It has been held that, upon a legal and proper petition, if the notice to parties entitled to be notified of its pendency is not given according to the requirements of law, all subsequent proceedings founded upon it are erroneous, and must be vacated as illegal and invalid. *Tolland* v. *County Commissioners,* 13 Gray, 12. If for such defect in the notice all subsequent proceedings are to be annulled, it is apparent that those which are founded upon an insufficient petition — a petition upon which the law gives no authority to the commissioners to act — must be erroneous, and must, upon a proper application, be annulled.

The remedy in a case like the present is by writ of *certiorari,* as it has often in similar cases been determined. *Dwight* v. *Springfield,* 4 Gray, 107. *Parks* v. *Boston,* 8 Pick. 218. There does not appear to have been any delay on the part of the petitioners which should deprive them of their proper remedy, or of the relief they seek; and therefore their prayer ought to be granted, and the writ of *certiorari* is accordingly to issue.